AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v. | **ORDER OF DETENTION PENDING TRIAL** |
| JIM D. RILEY<br>*Defendant* | Case Number: 07-20038-01-KHV-DJW |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 3, 2007

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Jim D. Riley
Criminal Action 07-20038-01-KHV-DJW

## Part II - Written Statement of Reasons for Detention

There is a set of factors I have to look at to determine whether release is appropriate under the circumstances.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a controlled substance, firearm, explosive or destructive device. You fit under two categories because the firearms counts are considered crimes of violence and obviously there is a drug count, so those are negatives.

The next factor is the weight of the evidence. There is a Grand Jury Indictment, so that is a negative.

The next factor is history and characteristics, which includes your physical and mental condition. There is no problem there.

Your family ties seem to be a positive.

Your employment seems to be a big negative. The only inference I can draw is that if you got ripped off for $20,000.00 on one event in the last year or so, and several thousand dollars were seized from you twice in the last year, and you do not have any real employment that you can point out, it appears you have either been selling guns, or drugs, or both, and that is not good.

The next factor is your financial resources. It does not appear you have substantial resources that would enable you to easily flee, so that is not a negative.

Your length of residence is a positive.

Your community ties are positive.

The next factor is your past conduct which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. The only positive there is that it does not appear you have failed to appear when you are charged. The problem is the drug abuse and the fact that you do have the one other felony.

The next factor is whether at the time of the current offense you were on probation or parole, and you were which is not good.

The final factor is the nature and seriousness of the danger to the person or the community that would be posed by your release. Any time we are talking about the possible sale of drugs or having guns, that is a danger.

Considering all those factors, I think you are going to have to remain detained pending further hearing.