**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 07-20038-01-KHV** |
| **JIM RILEY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Statement Of Sentencing Issues (Doc. #21) filed November 27, 2007, which the Court construes as an objection to the Presentence Investigation Report ("PSIR"). For reasons set forth below, the Court sustains defendant's objection.

### Factual Background

On August 26, 2006, law enforcement officers arrested Riley after he fired shots at a resident of rural Douglas County, Kansas. Officers searched the vehicle and found three firearms and 42.22 grams of a methamphetamine mixture, 22.6 grams of which was pure (53 per cent purity). On August 28, 2006, officers searched Riley's motel room and found drug paraphernalia, cash and the title to Riley's 1986 Chevrolet truck which was parked next to the hotel. Officers searched the truck and found seven firearms.

On March 28, 2007, in a four-count indictment, a grand jury charged defendant with possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Count I); unlawful use and carry of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count II); and two counts of felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); (Count III on

August 26, 2006 and Count IV on August 28, 2006). On July 23, 2007, defendant pled guilty to Counts II, III and IV.

Under the United States Sentencing Guidelines, the PSIR calculates the offense level for Counts III and IV as follows: The guideline for a violation of 18 U.S.C. § 922(g)(1) is Section 2K2.1. The government, probation office and defendant all agree that applying Section 2K2.1 results in an adjusted base offense level of 24.[1] The cross-reference provision of Section 2K2.1(c)(1), however, provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, apply – [A] Section 2X1.1 (Attempt, Solicitation or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined [pursuant to Section 2K2.1]." Evidence indicates that defendant possessed firearms in committing the offense of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. Therefore, the Court must compare the offense level calculated under Section 2X1.1 with the offense level determined under Section 2K2.1 and use the one which results in the greater offense level.

Under Section 2X1.1(a), the base offense level is determined under the guideline for the substantive offense, plus any adjustments from the substantive offense guideline for any intended offense conduct that can be established with reasonable certainty. The guideline for the substantive

---

[1] Defendant asserts that under Section 2K2.1(b)(1)(B), Section 2K2.1(b)(4) and Section 2K2.1(b)(5), the adjusted offense level would be 24. The government and the probation office assert that the correct guideline calculation would be Section 2K2.1(b)(1)(B), Section 2K2.1(b)(4), and Section 2K2.1(b)(6), for an adjusted offense level of 24. Thus, all parties agree that if the Section 2K2.1(c)(1) cross reference is not applied, the adjusted offense level is 24 under Section 2K2.1. The only disagreement is that the government and probation office apply Section 2K2.1(b)(6) (use of firearm in connection with another felony offense is a 4 level increase) while defendant proposes that the Court apply Section 2K2.1(b)(5) (increase by 4 levels if defendant engaged in trafficking of firearms).

offense – a violation of 21 U.S.C. § 841(a) – is Section 2D1.1.  Defendant used or possessed a firearm in connection with the offense of possessing with intent to distribute 22.6 grams of methamphetamine.  Under Section 2D1.1(c)(4), the base offense level for an offense involving at least 20 grams but less than 35 grams of methamphetamine is 28.  Although two levels would normally be added under Section 2D1.1(b)(1) because defendant possessed firearms when committing the offense, according to Section 2K2.4, application note 4, this specific offense characteristic is not applied because the weapons enhancement is incorporated in the conviction under Count 2.  Under Section 2X1.1 the adjusted base offense level is 28, which is more than the adjusted base offense level of 24 under Section 2K2.1.  The PSIR therefore concludes that as to Counts III and IV, the Court should use the adjusted offense level of 28.

Defendant argues that application of the cross reference at Section 2K2.1(c) results in multiple punishments for the same conduct (possession of firearms in a manner that facilitates a drug trafficking offense) in violation of the Double Jeopardy Clause.  The government agrees, but the probation office does not.

Defendant pled guilty to Count II, the Section 924(c) offense, which charged that he used or carried a weapon during and in relation to the drug trafficking crime of possession with intent to distribute methamphetamine.  He admitted that the firearms which he possessed on August 26, 2006 were part of the underlying drug trafficking offense and that they assisted in commission of the drug offense.  The guideline offense level for the conviction under Section 924(c) is the statutory minimum of five years imprisonment, consecutive to any other term of imprisonment.  Defendant argues that if the cross-reference is applied to Counts III and IV under Section 922(g) for felon in possession, he is being punished for possessing weapons related to the underlying drug offense,

3

`Case 2:07-cr-20038-KHV   Document 27   Filed 12/20/07   Page 4 of 7`

which is the same conduct that he is being punished for in Count II.  See United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998) (to apply the Section 2K2.1(c) cross reference for firearm possession offense, the facts must establish that the firearm facilitates or has the potential to facilitate the underlying offense).  The probation office counters that the guideline sentences for the Section 922(g) offenses are based on the reality of the crime – that is, that while being a prohibited possessor, defendant possessed with intent to distribute 22.6 grams of methamphetamine.  See United States v. Willis, 925 F.2d 359, 3621 (10th Cir. 1991) (use of cross reference at Section 2K2.1(c) allows sentence for charged crime to reflect reality of the crime).  The probation office also contends that any potential double jeopardy is avoided by not enhancing the offense level under Section 2D1.1 for possession of a firearm.[2]  Defendant responds that in order to get to Section 2D1.1, the Court must make a factual finding that defendant possessed the weapons in a way that assisted the underlying drug offense, which is the exact offense charged in Count II.

A person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not, see Blockburger v. United States, 284 U.S. 299, 304 (1932), overruled in part by Grady v. Corbin, 495 U.S. 508 (1990), or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions, see Garrett v. United States, 471 U.S. 773, 778 (1985); United States v. Pearson, 203 F.3d 1243, 1267-68 (10th Cir. 2000).  Congress clearly expressed its intent that punishment under Section 924(c)(1) be cumulative with the punishment for the underlying violent crime or drug

---

[2] The probation office also notes that the Fourth Circuit has affirmed use of the cross reference in similar circumstances.  See United States v. Palmer, 62 Fed. Appx. 489, 491 (4th Cir. 2003) (application note specifically prohibits a weapon enhancement under [2K2.1(b)(6)] but does not prohibit applications of the cross reference in 2K2.1(c)(1)(A)).  In Palmer, however, defendant did not argue double jeopardy.

trafficking crime. See United States v. Overstreet, 40 F.3d 1090, 1094-95 (10th Cir. 1994) (convictions under Sections 924(c)(1) and 2119 did not violate Double Jeopardy Clause); United States v. Lanzi, 933 F.2d 824, 826 (10th Cir. 1991) (convictions under Sections 924(c)(1) and 2113(a) and (d) did not violate Double Jeopardy Clause).

In United States v. Bolton, No. 95-6124, 1996 WL 187525 (10th Cir. Apr. 18, 1996), the Tenth Circuit addressed use of the Section 2K2.1(c)(1) cross reference. In Bolton, defendant pled guilty to two counts: violation of 18 U.S.C. § 924(c)(1) by acquiring a pistol in exchange for methamphetamine, and violation of 18 U.S.C. § 922(g)(1) for being a convicted felon in possession of two pistols. Id. at *1. The district court enhanced defendant's sentences for Bolton's gun convictions on the basis of narcotics trafficking because the firearms had been used in the course of drug dealing. Specifically,

> [B]ecause he "used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense," U.S.S.G. § 2K2.1(c)(1), section 2K2.1(c)(1)(A) required the court to apply section 2X1.1. Section 2X1.1 in turn provides that the base offense level be determined by reference to "the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." Id. at § 2X1.1(a). The court determined Mr. Bolton's base offense level under § 2D1.1, as is appropriate for drug trafficking.

Id. The Tenth Circuit held that the district court did not err in applying Section 2X1.1. Id. Further, the Tenth Circuit rejected defendant's argument that his conviction on Section 924(c) and Section 922(g) violated the Double Jeopardy Clause. Id. at n.2. The Tenth Circuit cited the established test for determining whether two offenses are the same offense: "'whether each provision requires proof of a fact which the other does not.'" Id. (quoting United States v. Neal, 692 F.2d 1296, 1305-06 (10th Cir. 1982) (quoting Blockburger, 284 U.S. at 304)). The Tenth Circuit found no double jeopardy because the Section 924(c)(1) conviction required proof that defendant used firearms while

distributing methamphetamine and the Section 922(g)(1) required proof that defendant was a convicted felon. The Tenth Circuit, however, did not specifically address whether the application of Section 2X1.1 violated the Double Jeopardy Clause.

Conviction under Section 924(c) requires proof that defendant (1) committed a drug trafficking crime (here, possession with intent to distribute five or more grams of methamphetamine); (2) used or carried a firearm; (3) during and in relation to the drug trafficking crime. U.S. v. Becerra, 209 Fed. Appx. 802, 807 (10th Cir. 2006). As to the second element, the "use" prong requires a showing that the defendant "actively employed" a firearm, Bailey v. United States, 516 U.S. 137, 150 (1995), while the "carry" prong requires a showing that defendant possessed and transported the weapon, United States v. Lindsey, 389 F.3d 1334, 1338 (10th Cir. 2004). The third element, "during and in relation to," requires a direct nexus between defendant's carrying of a firearm and the underlying drug crime. United States v. Banks, 451 F.3d 721, 725 (10th Cir. 2006) (direct nexus established by demonstrating that defendant intended firearm to be available for use in offense).

Section 922(g)(1) normally requires proof that (1) defendant knowingly possessed a firearm; (2) defendant was convicted of a felony before he possessed the firearm; (3) and that before defendant possessed the firearm, it had moved from one state to another or from a foreign country to a state. United States v. Taylor, 113 F.3d 1136, 1144–46 (10th Cir. 1997). Defendant notes that if the Court applies the Section 2K2.1(c) cross-reference, it must find that the firearm facilitated or had the potential to facilitate the underlying offense, here, the drug trafficking offense. Defendant argues that application of the cross-reference requires proof of the same facts needed to support the Section 924(c) conviction. Section 922(g), however, requires proof that defendant is a felon (and interstate movement) while Section 924(c) does not. The pertinent question then is whether the

Section 924(c) conviction requires proof of a fact which the Section 922(g) convictions – when combined with Section 2K2.1(c) – do not.

In order to apply Section 2K2.1(c) to the Section 922(g) convictions, the Court must find (in addition to the elements of section 922(g)) that defendant used or possessed a firearm in committing the offense of drug trafficking (possession with intent to distribute five or more grams of methamphetamine). These additional facts are very similar to the facts which support the Section 924(c) charge. See United States v. Valdez, No. 06-8061, 2007 WL 2693854, *3-4 (10th Cir. Sept. 10, 2007) (if firearm facilitates or has potential to facilitate drug offense, meets cross reference requirement for use or possession). Section 2K2.1(c) requires that the firearm facilitate or *have the potential to facilitate* the drug offense, and thus arguably does not require the 924(c) element for the "use" prong – that defendant "actively employed" a firearm, or the 924(c) element for the "carry" prong – that defendant transported the firearm. Without controlling authority, however, the Court will not make such a fine distinction. The Court finds that defendant's objection is well taken, and declines to apply Section 2K2.1(c) in calculating the adjusted offense level for the Section 922(g) offenses.

**IT IS THEREFORE ORDERED** that defendant's Statement Of Sentencing Issues (Doc. #21) filed November 27, 2007 which the Court construes as an objection to the PSIR be and hereby is **SUSTAINED**.

Dated this 20th day of December, 2007 at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge